# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| ANNA MAYORCA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| HOLIDAY CVS, L.L.C., ) | 1:17-cv-20776-CMA |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**JOINT AMENDED MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff, Anna Mayorca, and Defendant, Holiday CVS, L.L.C. ("CVS"), hereby file this Joint Amended Motion for Approval of Confidential Settlement Agreement and to Dismiss Lawsuit, With Prejudice. The parties state the following in support:

**I.  STATEMENT OF FACTS**

1. On February 27, 2017, Plaintiff filed the instant action alleging a failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1.

2. On March 8, 2017, Plaintiff filed an Amended Statement of Claim alleging that she worked an average of five unpaid overtime hours per week for fourteen weeks. *See* Dkt. 9. Plaintiff claimed that she is owed a total of $2,125.20 in unpaid overtime wages, plus an equal amount in liquidated damages. *Id*.

3. Defendant contends that it paid Plaintiff overtime wages throughout her short tenure with Defendant, that Plaintiff did not work any hours for Defendant that she was not paid for, and that if Defendant did not compensate Plaintiff for any overtime hours that she worked, it was inadvertent and not as frequent as alleged by Plaintiff.

4.      On April 10, 2017, Defendant filed a Motion to Dismiss and Compel Arbitration. *See* Dkt. No. 17. On April 25, 2017, the Court granted Defendant's motion and ordered that the action be stayed pending arbitration.

5.      Meanwhile, on April 18, 2017, the parties reached an agreement to resolve and settle the claims asserted by Plaintiff against Defendant. The parties agreed that the settlement was a fair and reasonable resolution of Plaintiff's claim. A copy of the written Settlement Agreement and General Release is attached as Exhibit 1.[1]

6.      Plaintiff has agreed to receive a substantial amount of the wages Plaintiff contends were not paid to her during the 14 weeks that she worked for Defendant. The total settlement is $7,000.00 inclusive of attorney's fees and costs. As set forth in the settlement agreement, Defendant has agreed to pay Plaintiff and Plaintiff has agreed to accept $875.00 representing unpaid overtime and $875.00 representing liquidated damages for a total of $1,750.00 to be paid to Plaintiff. The Parties submit to the Court that this is a fair and reasonable compromise of the disputed issues. The Claimant alleged she is owed overtime wages for 14 weeks X $30.36 per hour X 5 hours of overtime per week = $2,125.20 in damages. Damages and liquidated damages combined total $4,240.40. Plaintiff is receiving $1,750.00 which is less than damages of $2,125.20 because Defendant refutes the claim and as such there is a dispute as to whether the Plaintiff actually worked the full period at the rate of pay, and for the hours over forty as alleged in the Complaint and Amended Statement of Claim. The proposed settlement is fair and reasonable and satisfies the criteria for approval under Section 216(b) of the FLSA. It adequately compensates Plaintiff for her claim and does not frustrate the purpose of the FLSA.

---

[1] The Settlement Agreement has been signed by Plaintiff. Defendant is in the process of getting the Settlement Agreement executed.

7. Plaintiff's counsel's fee has been negotiated separately from that of Plaintiff's damages claim and without regard to the amount Plaintiff received. Thus, the Court can approve settlement. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

8. Plaintiff's counsel is receiving $5,250.00 for attorney's fees and costs. The time and labor expended in this matter by Plaintiff's counsel exceeds the fee billed. Plaintiff's counsel expended 18.5 hours and billed a fee of $6,306.50, not including costs for filing and service. Time sheets are attached herein as Exhibit 2. Plaintiff's counsel's fee was negotiated and disclosed to the Plaintiff. Plaintiff agrees with the amount she is receiving.

9. The Agreement also contains a general release of any claims and a non-disparagement provision that was considered separately and negotiated separately. Courts approve such releases and clauses under these circumstances. *See e.g. McCorkle v. Signature Landscape Contractors, LLC*, Case No. 6:15-cv-00151-GAP-GJK (M.D. Fla. Jun. 15, 2015) at Doc. 26; *see also Weldon v. Blackwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014); *Camal v. Shelter Mortg, Co., LLC.*, 2013 5421955 *4 (M.D. Fla. Sept. 26, 2013)(Spaulding, J.); *Bacorn v. Palmer Auto Body & Glass, LLC.*, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012)(Spaulding, J.); *Vergara v. Delicias Bakery & Rest., Inc.*, 2012 WL 2191299 *2-3 (M.D. Fla. May 31, 2012)(Spaulding, J.); *Raynon v. RHA/Fern Park Mr., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. Oct. 27, 2014)(Smith, J.); *Miller v. Escalante-Spanish Wells*, LLC., 2:14-cv-739-Ft.M-29CM (M.D. Fla. Sept. 15, 2015)(Dkt. 27)(Mirando, J); *Menjiva v. E&L Construction Serv.*, 2015 WL 3485991 *2 (M.D. Fla. June 2, 2015)(Presnell, J)(declining to accept a general release in an FLSA case because the parties do not state that the release was negotiated separately). Finally, Plaintiff is unaware of any other potential claims.

**II.     ARGUMENT**

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute the scope of potential liability in the instant action. Nonetheless, the parties reached an agreement to settle all of the claims in this dispute, and they have subsequently prepared a Settlement Agreement and General Release ("Settlement Agreement"). The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs. The terms of the Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice.

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreement, and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, without costs and waiving all rights of appeal.

DATED this 11th day of May, 2017

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ James Loren<br>James Loren, Esq.,<br>Florida Bar No. 55409<br>E-mail: JLoren@Lorenlaw.com<br>GOLDBERG & LOREN, P.A.<br>100 S. Pine Island Road<br>Suite 132<br>Plantation, FL 33324<br>Telephone: 954.585.4878<br>Facsimile: 954.585.4886<br><br>ATTORNEYS FOR PLAINTIFF | By: /s/ Samantha Dunton-Gallagher<br>Samantha Dunton-Gallagher, Esq.<br>Florida Bar No. 105100<br>E-mail: SDunton@littler.com<br>LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 SE 2nd Avenue<br>Suite 2700<br>Miami, FL  33131, U.S.A.<br>305.400.7500<br>305.675.8497 (Fax)<br><br>ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Samantha Dunton-Gallagher, Esq.*
Samantha Dunton-Gallagher, Esq.

**SERVICE LIST**

James Loren, Esq.,
Florida Bar No. 55409
E-mail:  JLoren@Lorenlaw.com
**GOLDBERG & LOREN, P.A.**
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Telephone: 954.585.4878
Facsimile:  954.585.4886
Served Via CM/ECF